```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF ILLINOIS
                       EASTERN DIVISION


 United States of America        )
                                 )
                                 )
      v.                         )  No. 04 CR 464-1
                                 )
                                 )
                                 )
 Marvel Thompson,                )
                                 )
           Defendant.            )
                                 )
```

<u>Memorandum Opinion and Order</u>

Marvel Thompson is currently serving a 360-month prison sentence, which I imposed on August 18, 2020, when I granted his motion for a reduced sentence under § 404 of the First Step Act. That decision amended the 540-month sentence I had previously imposed in April of 2007, at the close of a two-day sentencing hearing that established Mr. Thompson's leadership role in a massive, long-running drug conspiracy. On September 11, 2020, I denied Mr. Thompson's motion to reconsider my decision amending his sentence to the extent I concluded that he was not entitled to immediate release. Mr. Thompson appealed both decisions on September 29, 2020, and his appeal is currently pending in the Seventh Circuit. On October 20, 2020, Mr. Thompson filed an emergency motion for compassionate release under § 3582(c)(1)(A).

At the outset, Mr. Thompson's appeal of his amended sentence divests me of jurisdiction to grant the relief he requests. "Ordinarily, the filing of a timely notice of appeal from a final judgment ousts the district court of jurisdiction to proceed further in the case except in aid of appeal." *United States v. Ellison*, 557 F.2d 128, 132 (7th Cir. 1977); *see also United States v. McHugh*, 528 F.3d 538, 540 (7th Cir. 2008) ("a district court may not interfere with this court's jurisdiction by amending a decision that is under appellate review"). Federal Rule of Criminal Procedure 37(a) provides a limited exception to this general rule, providing:

If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may:

(1) defer considering the motion;

(2) deny the motion; or

(3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.

Fed. R. Crim. P. 37(a).

Conspicuously, the available options do not include granting the substantive relief Mr. Thompson seeks: immediate release from custody. At best, Rule 37(a) allows me to indicate that I would grant relief if his appeal were remanded for that purpose. But the

2

opposite is true because the motion fails on the merits. Accordingly, the motion is denied. *See United States v. Carter*, No. 1:20-CR-49-TWP-DLP-1, 2020 WL 7129914, at *2 (S.D. Ind. Dec. 4, 2020) (denying compassionate release motion on the merits after concluding that it had authority to do so notwithstanding pending appeal).

Compassionate release is a departure from the general rule that district courts lack authority to modify a sentence once it has become final. *See United States v. Anderson*, 583 F.3d 504, 508 (7th Cir. 2009). As amended by Section 603(b) of the First Step Act, § 3582(c)(1)(A) provides that:

[t]he court may not modify a term of imprisonment once it has been imposed except that—

(1) in any case—

(A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment),

after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

    (i) extraordinary and compelling reasons warrant such a reduction;

    ...

    and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission....

18 U.S.C. § 3582(c)(1)(A).

Mr. Thompson has satisfied the exhaustion requirement. Specifically, he requested a reduction in sentence based on concerns about Covid-19 on March 30, 2020. The warden denied that request on April 29, 2020, stating that the request was evaluated in accordance with the Bureau of Prison's ("BOP") Program Statement setting forth Procedures for the Implementation of § 3582(c)(1)(A), and that Mr. Thompson's "concern about being potentially exposed to, or possibly contracting, Covid-19 does not currently warrant an early release from your sentence." DN at 6.

Because Mr. Thompson has cleared the administrative exhaustion hurdle, I may proceed to the substance of his claim, where I must consider: "(1) the factors set forth in 18 U.S.C. § 3553(a); (2) whether 'extraordinary and compelling reasons' warrant a reduction in sentence; and (3) whether 'such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.'" *United States v. Fakhouri*, No. 17 CR 639-

4

1, 2020 WL 7698371, at *1 (N.D. Ill. Dec. 28, 2020). None of these analytical prongs favors Mr. Thompson.

Less than five months ago, I examined the § 3553(a) factors anew in view of Mr. Thompson's past and present conduct and concluded that a custodial term of 360 months was appropriate. Indeed, I reached that conclusion notwithstanding Mr. Thompson's argument, in his reply brief, that he was particularly vulnerable to infection from the novel coronavirus. *See* DN 2763 at 13 and n. 13 (arguing that prison environment coupled with Mr. Thompson's "diabetic condition" placed him at heightened risk for Covid-19). Nothing in his present motion—which again points to type-2 diabetes and adds obesity as a further condition that he claims increases his risk of serious illness—alters my analysis. I remain persuaded that his Covid-related risks are outweighed by factors militating against his immediate release, including the seriousness of his offense, and the need to promote respect for the law, impose just punishment, and provide adequate deterrence. See DN 2782 at 5-6.

Indeed, the record indicates that Mr. Thompson's risk level, while perhaps somewhat elevated, is not significantly higher than that of the general prison population. He has a BMI of 31, which places him at the very low end of what the CDC considers "obese." And while his medical records reflect a diagnosis of type-2 diabetes in 2011, he acknowledges that his A1C levels have improved since that time, with numbers fluctuating between 5.9 (considered

5

"pre-diabetes") and 6.5 (the low end of "diabetes"). Moreover, Mr. Thompson is just 52 years old—more than twelve years shy of the age that would place him at significant aged-based risk. Accordingly, to the extent Mr. Thompson's age and health conditions raise his risk level above that of the general prison population, they do so only modestly and do not amount to "extraordinary and compelling reasons" for his immediate release.

This conclusion is bolstered by the fact that Mr. Thompson has already been infected with Covid-19, and the symptoms he describes, including shortness of breath, chest pains, tightness in his chest, ringing in his ears, body/muscle aches, and "odd pains time to time," while undoubtedly unpleasant, are similar to those experienced by many Covid-19 sufferers who go on to recover from the disease. Mr. Thompson's concerns about possible long-term damage to his heart and other serious complications are, on this record, speculative.

It is true that the facility at which Mr. Thompson is currently housed is experiencing an outbreak of the virus, with 222 inmates testing positive and 495 inmates identified as having recovered as of December 30, 2020.[1] And prison conditions such as those Mr. Thompson describes, including the facility's failure to quarantine individual inmates and its failure to conduct universal

---

[1] *See* https://www.bop.gov/coronavirus/ (last visited December 30, 2020).

6

testing, facilitate the transmission of viruses including Covid-19. Nevertheless, the presence of the virus at the facility does not itself justify release, *see United States v. Villasenor*, No. 03 CR 0689 (-02), 2020 WL 7129368, at *5 (N.D. Ill. Dec. 4, 2020) (Gottschall, J.) (denying compassionate release to inmate suffering from non-severe obesity and hypertension), nor does Mr. Thompson's professed concern about reinfection, *see Carter*, 2020 WL 7129914, at *4 (S.D. Ind. Dec. 4, 2020) (concluding that although his facility was in the midst of a Covid-19 outbreak, defendant's concern about reinfection was "speculative").[2]

With respect to the final prong of the analysis, the Seventh Circuit recently held that although the Policy Statement and Application Notes in § 1B1.13 of the Sentencing Guidelines do not "curtail a district judge's discretion," they do provide a working definition of 'extraordinary and compelling reasons' to "guide discretion." *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020). Additionally, judicial discretion may be limited by views expressed by the Director of the BOP in response to a prisoner's request for relief. As the *Gunn* court explained, "a judge acting on a prisoner's motion may lack the advice of the Director" as to whether extraordinary and compelling reasons other than those

---

[2] The court cited the CDC's statement that "[c]ases of reinfection of COVID-19 have been reported but are rare." *Available at* https://www.cdc.gov/coronavirus/2019-ncov/if-you-are-sick/quarantine.html (last visited December 29, 2020).

7

specifically enumerated in § 1B1.13 and its Application Notes warrant release. *Id*. But when the Director does respond to a prisoner's request and "articulate the Bureau of Prisons' decision and rationale" within the 30-day statutory period, the Seventh Circuit "expect[s] that district judges will give the Director's analysis substantial weight." *Id*. In this case, the warden timely responded to Mr. Thompson's request and expressed the BOP's view that his concerns related to Covid-19 did not warrant his release.

For the foregoing reasons, I decline to state that Mr. Thompson's motion for compassionate release would be granted if remanded for that purpose under Fed. R. Crim. Pro. 37(a)(3) and instead deny the motion pursuant to Rule 37(a)(2).

**ENTER ORDER:**

**Elaine E. Bucklo**
United States District Judge

Dated: December 30, 2020